UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KSENIIA RUMIANTSEVA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                              Respondent. | Case No.:  26-cv-2214-JO-DEB<br><br>**ORDER GRANTING THE MOTION TO ENFORCE JUDGMENT [DKT. 8]** |

Petitioner filed a motion to enforce judgment challenging her bond determination on due process grounds.  Dkt. 8.  When reviewing a due process challenge to a bond determination, the Court evaluates the IJ's conclusion for an abuse of discretion.  *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024).  Under an abuse of discretion standard, the Court does not reweigh the evidence or substitute its judgment for the IJ's on factual matters.  *Id.* at 785.  Rather, the Court asks whether the IJ "applied the correct legal standard," *see id.*, and whether the IJ's application of the facts to that standard "were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009).  An IJ must state the reasons for their finding and "show proper consideration of all factors when weighing

1

equities and denying relief." *Watkins v. INS*, 63 F.3d 844, 849 (9th Cir. 1995). Unsupported conclusions are insufficient to demonstrate flight risk, especially in face of "strong evidence to the contrary." *Id.* Further, evidence that is merely "equivocal" or "common to all detainees" fails to meet the standard. *See Singh v. Holder*, 638 F.3d 1196, 1205 (9th Cir. 2011). For the reasons stated on the record at oral argument on June 9, 2026, the Court concludes that the IJ abused her discretion in denying bond, thereby violating Petitioner's due process rights. Accordingly, the Court GRANTS the motion to enforce judgment [Dkt. 8] and ORDERS as follows:

1. Respondent shall RELEASE Petitioner by 5 p.m. on June 10, 2026. Respondent shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondent from redetaining Petitioner during the pendency of her removal proceedings without first providing an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure [her] future appearance." *Hernandez v. Sessions*, 872 F.3d 976, 983 (9th Cir. 2017); *see id.* at 990–91 n.18; *see also Singh*, 638 F.3d at 1203. In setting the amount of bond, the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91. The immigration judge shall not deny bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond. If requested by Petitioner, Respondent shall produce a transcript or transcription of the recorded bond hearing.

3. Respondent shall file a declaration attesting to full compliance with these obligations. Respondent is ENJOINED from redetaining Petitioner **until 48**

2

**hours after** filing the declaration.

4. The Clerk of the Court is directed to close the case.


**IT IS SO ORDERED.**


Dated: June 9, 2026

_____
Honorable Jinsook Ohta
United States District Judge

3

26-cv-2214-JO-DEB